UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 05-80227

v.                                            Honorable John Corbett O'Meara

TONY LAMAR ALEXANDER,

    Defendant.
_____/

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

This matter came before the court on Tony Lamar Alexander's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The government filed a response. No reply was filed, and no oral argument was heard.

After pleading guilty pursuant to a Rule 11 Plea Agreement to three counts involving the distribution of cocaine and possession of a firearm, Alexander was sentenced to the 10-year, mandatory minimum sentence on Count I and to the mandatory, 5-year, consecutive term for the firearm charges.

A district court has limited authority to revisit a sentence after it is imposed. It can change or modify a sentence only where such authority is expressly granted by statute. United States v. Hammond, 712 F.3d 333, 335 (6th Cir. 2013). Under 18 U.S.C. § 3582(c), the statute upon which Alexander relies in his motion, a sentence

may be reduced only if it was based on a sentencing range that was later lowered by the Sentencing Commission.

Alexander argues that "Amendment 782 of the Sentencing Guidelines Commission generally revised the Drug Quality and chemical quantity tables for all drug offenses, reducing the base offense levels by two." Def.'s mot. at 2.

Section B1.10 of the guidelines expressly provides when and how a district court may reduce a sentence in this case. United States v. Washington, 584 F.3d 693, 696 (6th Cir. 2009). Application Note One to § 1B1.10 provides the following:

> [A] reduction in the defendant's term is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (***e.g.*, a statutory mandatory minimum term of imprisonment).** (Emphasis added.)

In this case Alexander's sentence was not based on the guidelines calculation but on statutory minimums. Therefore, the court has no authority under § 3582(c) to reduce his sentence. See Hammond, 712 F.3d at 335.

The court is compelled to add, however, that Mr. Alexander has successfully completed numerous programs and has earned many certificates for his accomplishments while incarcerated. The court wishes him continued success in his endeavors.

# **ORDER**

It is hereby **ORDERED** that defendant Alexander's Motion for Reduction in Sentence is **DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: June 26, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 26, 2017, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager